IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gregory Butler and Kisha C. Johnson, as Co-Personal Representatives of the Estate of Sandra Butler Taylor, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Oerlikon Neumag, Oerlikon Textile, Inc., Nuemag USA Corporation, Saurer, Inc., Saurer Holding, Inc., and Allstates Textile Machinery, Inc., )<br>)<br>)<br>)<br>Defendants. ) | C.A. No. 8:09-133-HMH<br><br>**OPINION & ORDER** |

This matter is before the court on Defendant Allstates Textile Machinery, Inc.'s ("Allstates") motion to dismiss and Plaintiffs' motion to remand. Upon due consideration, and for the reasons set forth herein, the court denies Allstates' motion to dismiss and grants Plaintiffs' motion to remand.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed this wrongful death action against Defendants Oerlikon Neumag, Oerlikon Textile, Inc. ("Oerlikon Textile"), and Saurer Textile Solutions (collectively "initial defendants"), in the South Carolina Court of Common Pleas of Edgefield County on December 12, 2008.[1] On January 20, 2009, Oerlikon Textile removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs are residents of

---

[1] Defendant Nuemag USA Corporation, a citizen of North Carolina, was joined as a defendant on January 30, 2009.

1

South Carolina and the initial defendants are citizens of North Carolina. (Pls. Mot. Remand 1.)

On June 8, 2009, Plaintiffs amended the complaint, adding Allstates as a defendant. Allstates' principal place of business is in South Carolina. Consequently, the addition of Allstates as a defendant defeats diversity jurisdiction between the parties. Allstates filed the instant motion to dismiss for lack of jurisdiction on July 16, 2009. Plaintiffs, in turn, filed the instant motion to remand on July 21, 2009, alleging that the court lacks subject matter jurisdiction. Plaintiffs filed a response in opposition to Allstates' motion to dismiss on August 3, 2009. Allstates filed a response in opposition to Plaintiffs' motion to remand on August 4, 2009. Plaintiffs filed a reply on August 14, 2009. Both motions are now before the court.

## II. Discussion of the Law

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If, however, "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." § 1447(e). "These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999).

When a plaintiff seeks to join an additional defendant whose joinder would destroy diversity jurisdiction, "[t]he central inquiry for jurisdictional purposes is whether . . . the removing parties, established that [a plaintiff has] fraudulently joined [the new] defendant." Id.

2

at 464. Oerlikon Textile, the removing defendant, has not alleged fraudulent joinder. Furthermore, Allstates has not alleged any facts to suggest that it has been joined solely to defeat diversity jurisdiction. While the court is careful to scrutinize attempts at post-removal, non-diverse joinder, the court must also consider that "[t]here are . . . other interests at stake when such a joinder is sought, including the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." Id. at 463 (internal quotation marks omitted).

Accordingly, based on the lack of evidence to support a claim for fraudulent joinder, the court permits Allstates to be joined as a defendant in the instant matter. Consequently, diversity jurisdiction is destroyed and this court lacks subject matter jurisdiction under 28 U.S.C. § 1332. Based on the foregoing, this case must be remanded to state court.

Therefore, it is

**ORDERED** that Allstates' motion to dismiss, docket number 36, is denied; it is also

**ORDERED** that Plaintiffs' motion to remand, docket number 39, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Edgefield County, South Carolina.

**IT IS SO ORDERED.**

               s/Henry M. Herlong, Jr.
               Senior United States District Judge

Greenville, South Carolina
August 18, 2009